[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED APRIL 23, 1997
The defendant moves that all four plaintiffs, Sieglinde Chipello, Anthony Chipello, Toni Bonsangue and Paul Bonsangue be considered a single party for purposes of the unity of interest rule found in Gen Stat. §§ 51-241 and 51-243. Under these statutes several plaintiffs may be considered as a single party for making preemptory challenges. This is an uninsured motorist case in which all plaintiffs claim negligence on the part of the uninsured tortfeasor Rosemari Satterfield who allegedly struck CT Page 3687 the vehicle in which the plaintiffs were riding from the rear. All plaintiffs and the defendant are agreed that plaintiff Anthony Chipello's case is one of loss of consortium of his wife. Sieglinde Chipello, and that he should not enjoy separate preemptory challenges from his wife Sieglinde Chipello. However, they have asked the court to determine whether the plaintiffs should enjoy only four challenges to the jury which would be accorded to them as persons whose interests are substantially similar or whether they should be granted the 12 preemptories which are to be allowed three distinct parties whose interests are not substantially similar. The court heard the parties.
A review of the pleadings indicates separate policies are involved for the plaintiffs as follows:
Sieglinde Chipello Toni Bonsangue Paul Bonsangue
 #51 D 356941 #51 D 356941 #51 D 356941 #51 D 484682 #51 D 455693 #51 D 455693 #51 D 484676 #51 D 162651 #51 D 162651
Sieglinde, Toni and Paul have common coverage under policy No. 51 D 356941 only.
Except for that one common policy, there is a diversity in the contracts of indemnity and therefore they have different coverage limits for their claims. There are also possible scenarios, given the unknown jury verdicts and the one common policy, which leads the court to conclude that the plaintiffs lack the substantial similarity of interests contemplated by the statute. The legislative history of Public Act 93-176 which adopted the unity of interest rule indicates a legislative interest to leave to the trial court's discretion whether or not parties share such a "unity of interest." See Beach v. RegionalSchool District Number 13, 42 Conn. App. 542, 549 (1996), citing 36 H.P. Proc., pt. 16, 1993 Sess., p. 5562, remarks of Rep. Dale E. Radcliffe and Rep. Alex Knopp. See also: Article IV of the Amendments to the Connecticut Constitution which provides in pertinent part: "In all civil . . . actions tried by a jury, the parties shall have the right to challenge jurors peremptorily, the number of such challenges to be established by law." There are different injuries alleged, distinct damages, one common and several differing policies to which the plaintiffs could look for indemnity. Under all circumstances the defendant's motions to have the court find their interests substantially similar are CT Page 3688 denied.
FLYNN, J.